**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**STEPHANIE TAYLOR**                                                                         **PLAINTIFF**

**v.**                                        **No. 4:15-CV-00691-BRW-JTK**

**CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration**                                        **DEFENDANT**

<u>**RECOMMENDED DISPOSITION**</u>

<u>**INSTRUCTIONS**</u>

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Bill Wilson.  You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

<u>**REASONING FOR RECOMMENDED DISPOSITION**</u>

Stephanie Taylor applied for social security disability benefits with an alleged onset date of  January 6, 2012. (R. at 55). After a hearing, the administrative law judge (ALJ) denied her applications. (R. at 29). The Appeals Council thereafter denied Taylor's request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, from which Taylor has requested judicial review.

For the reasons stated below, the magistrate judge recommends affirming the Commissioner's decision.

**I.      The Commissioner's Decision**

The ALJ determined that Taylor had the severe impairments of degenerative disk disease of the neck and spine (post-operative for herniated nucleus pulposus); carpal tunnel syndrome (post-operative); restless leg syndrome; and depression. (R. at 14). Due to these impairments, the ALJ found that Taylor had the residual functional capacity (RFC) to perform light work with the additional limitations to occasional climbing, balancing, bending, stooping, crouching, kneeling or crawling; work where interpersonal contact is incidental to the work performed; tasks that are learned and performed by rote with few variables and little judgment; and work in which the supervision is simple, direct, and concrete. (R. at 18–19). The ALJ took testimony from a vocational expert (VE) and determined that Taylor could not return to her past relevant work. (R. at 27). However, the ALJ found that Taylor could successfully adjust to other jobs existing in significant numbers in the national economy, such as housekeeper or hand packer. (R. at 28). As such, the ALJ held that Taylor was not disabled. (R. at 29).

## II.   Discussion

Taylor argues that the ALJ erred by failing to give proper weight to her treating physician's opinions, failing to perform a proper function by function analysis, failing to consider her global assessment of functioning (GAF) scores, wrongly determining that Taylor was not entirely credible, and presenting a hypothetical to the VE that did not contain all of her limitations.

The Court is to affirm the ALJ's decision if it is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). Even if it is possible to draw two inconsistent positions from the evidence, the Court must affirm if

one of those positions represents the ALJ's findings. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015).

### a.  Treating Physician Opinions

Taylor contends that the ALJ erred in discounting the opinions of a treating physician, Dr. Chesser. Dr. Chesser opined that Taylor could not deal with work stress or maintain attention or concentration in an assessment of her mental capabilities, and he also opined that Taylor could lift a maximum of ten pounds, could only stand and/or walk for four hours in a workday and only sit for four hours in a workday, in addition to a number of other exertional limitations in an assessment of her physical capabilities. (R. at 491–92, 494–95).

Concerning Dr. Chesser's opinion of Taylor's mental capabilities, Dr. Chesser is not a mental health professional, but an orthopedic doctor. A consultative mental diagnostic evaluation by Dr. Shannon Parsons, a clinical psychologist, found no significant deficits in her mental capabilities such as those mentioned by Dr. Chesser. (R. at 482–87). The ALJ discussed the conflict between Dr. Chesser's opinion and Dr. Parsons's evaluation, discounting Dr. Chesser's opinion because of his lack of expertise and the lack of objective findings to support his opinion. (R. at 22). The ALJ resolved the conflict between the opinions and was justified in resolving in favor of Dr. Parsons's opinion, which had better and more thorough support in the medical evidence. *Wildman v. Astrue*, 596 F.3d 959, 969 n.4 (8th Cir. 2010).

As for Dr. Chesser's assessment of Taylor's physical capabilities, Dr. Chesser had provided treatment to Taylor and was familiar with her condition. However, Dr. Chesser's findings as of October 2012 showed no muscle weakness and normal gait. (R. at 431). Additionally, Taylor's daily activities contradict the allegations of disabling pain.

She works two hours per night, five nights a week, cleaning. (R. at 37–38). Additionally, she is able to drive and do errands during the day, and she testified that she takes Aleve to relieve her pain. (R. at 47). The ALJ articulated good reasons for discounting Dr. Chesser's opinions. (R. at 23–24). Furthermore, such checklist opinions as supplied by Dr. Chesser are entitled to little evidentiary weight. *Taylor v. Chater*, 118 F.3d 1274, 1279 (8th Cir. 1997).

### b.  Function by Function Analysis

Taylor argues that the ALJ failed to comply with SSR 96-8p, 1996 WL 374184, by not including a function by function analysis of the seven strength demands enumerated in the ruling. In particular, Taylor maintains that the ALJ would have found additional restrictions on her ability to stand and walk due to back impairments as well as her ability to use her hands due to carpal tunnel syndrome.

"We review the record to ensure that an ALJ does not disregard evidence or ignore potential limitations, but we do not require an ALJ to mechanically list and reject every possible limitation." *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011).  In this instance, the ALJ fully considered all of the evidence of records, including the records relating to her carpal tunnel syndrome and back pain. The ALJ performed a full and proper function by function analysis, and there is nothing in the decision indicating that the ALJ failed to consider the limitations arising from any of Taylor's impairments. To the contrary, the ALJ specifically considered and discussed all of Taylor's impairments and medical records. (R. at 19–27).

Additionally, Taylor cannot point to specific objective findings supporting additional limitations. She simply asserts that a function by function analysis would have supported more limitations. She has not shown what those limitations would be,

and the ALJ's decision sufficiently analyzes all of the evidence to comply with SSR 96-8p.

### c.  GAF Scores

Taylor next argues that the ALJ failed to properly consider her GAF score. Taylor received a single GAF score, estimated by Dr. Parsons at 60-70. (R. at 485). While it is true that an ALJ must not ignore a history of low GAF scores, *Pate-Fires v. Astrue*, 564 F.3d 935, 944–45 (8th Cir. 2009), the ALJ here did not ignore the GAF score, but fully discussed it. (R. at 17–18, 25). Furthermore, a GAF score of 60–70 is significantly higher than the scores of 50 and lower discussed in *Pate-Fires*. Taylor received a single GAF score as part of a full assessment that the ALJ considered in total. (R. at 25). In fact, Taylor's GAF score indicates only mild symptoms according to the DSM IV and thus weighs against a finding of disability. The ALJ committed no error in assessing the GAF score.

### d.  Credibility Determination

Taylor also contends that the ALJ erred in finding her to not be entirely credible due, in part, to her part time cleaning work.

The Court is to defer to the ALJ's credibility determination if it is supported by good reason and substantial evidence. *Turpin v. Colvin*, 750 F.3d 978, 984 (8th Cir. 2014). An ALJ is to consider multiple factors in determining a claimant's credibility, including daily activities and whether the claimant's subjective complaints are consistent with the evidence as a whole. *Id.*

The ALJ here discussed multiple factors, including Taylor's work, daily activities, medication, and functional limitations. (R. at 19–20)  While Taylor testified that her daughters do most of the actual work at her job, she also testified to driving her children

to school and doing errands in addition to working the two-hour job five nights a week. (R. at 40, 47). The ALJ discussed Taylor's medication and its effectiveness. (R. at 20). The ALJ considered all of Taylor's testimony in light of the entire record, including all of the medical records and her allegations of pain. (R. at 19–25).

While the evidence might be sufficient to draw a conclusion different from that arrived at by the ALJ, the ALJ's credibility determination is supported by substantial evidence, and the ALJ provided good reason for his determination.

### e.  Hypothetical Questions to the Vocational Expert

For her final point on review, Taylor contends that the ALJ's hypothetical question to the VE was insufficient.  However, the ALJ's hypothetical question accurately reflected the RFC determination. (R. at 49–50). As no error is found in the RFC itself, there can be no error in the hypothetical question that fully encompassed the RFC. Taylor's argument must, therefore, fail.

### III.    Recommended Disposition

The ALJ properly weighed the treating physician opinion evidence, perform a proper function by function analysis, fully considered Taylor's GAF score, performed a proper credibility determination, and posed a sufficient hypothetical question to the VE. The ALJ's decision is supported by substantial evidence on the record as a whole and is not based on legal error. For these reasons, the undersigned magistrate judge recommends AFFIRMING the decision of the Commissioner.

It is so ordered this 28th day of October, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE